UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
U.S. COURTHOUSE
402 E. STATE STREET
TRENTON, NEW JERSEY 08608

Hon. Michael B. Kaplan609-989-0478
United States Bankruptcy Judge609-989-2259 Fax


February 10, 2011

Abelson, Truesdale & Radowitz, LLC
Steven J. Abelson, Esq.
63 West Main Street
P.O. Box 7005
Freehold, N.J. 07728

Theodore Liscinski, Jr., Esq.
265 Davidson Avenue, Suite 200
Somerset, N.J. 08873

Re:Dimas & Dianne Santiago
Docket No.: 08-22666 (MBK)


Counselors:

The Court has reviewed the Application to Approve Compensation of Chapter 11 Debtors Counsel ("Application"), the Chapter 7 Trustee's Certification in Opposition to the Application ("Objection"), the Chapter 7 Trustee's Cross-Motion for Turnover of Funds ("Cross-Motion") and the Certification of Debtor's Counsel in Response and Opposition to Trustee Certification and Cross-Motion.  The Court issues the following ruling:

This Court has jurisdiction over this contested matter under 28 U.S.C. §§ 1334(a) and 157(a) and the Standing Order of the United States District Court dated July 10, 1984 referring all bankruptcy cases to the bankruptcy court. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A),(E) and (O). Venue is proper in this Court pursuant to 28 U.S.C. § 1408.

Before the Court is a dispute over a prepetition retainer paid to Steven Abelson, Esq. for his representation of the Debtors in their Chapter 11 case. The case converted from Chapter 11 to Chapter 7 and Mr. Abelson has filed, belatedly, his Application seeking final compensation. The Chapter 7 Trustee, Theodore Liscinski, Jr., Esq., objects to the Application and seeks disgorgement of any prepetition retainer paid to Mr. Abelson, in order to ensure payment first of allowed Chapter 7 administrative expenses.[1] For the following reasons, this Court holds that a professional holding a security interest in a prepetition retainer cannot be forced to share that retainer with other administrative claimants solely to achieve *pro rata* distribution pursuant to § 726(b). Accordingly, the Trustee's Objection and Cross-Motion are denied.

In In re Bressman, 214 B.R. 131 (Bankr. D.N.J. 1997), Judge William F. Tuohey reaffirmed that prepetition retainers for services, yet to be earned during the administration of the estate, constitute property of the debtor's estate pursuant to § 541 of the Bankruptcy Code. In his analysis, Judge Tuohey recognized three types of retainers discussed in In re Heritage Mall Associates, 184 B.R. 129 (Bankr. D. Or. 1995). Bressman at 140. Briefly, those types of retainers are described as follows. First, a "classic retainer" is defined as a "retaining fee" given as a preliminary fee to counsel to insure and secure future services and induce him to act for the client. A classic retainer is designed to compensate counsel for being deprived, by being

---

[1] In his Opposition and Cross-Motion, the Trustee cites to § 507(a)(1)(C) as statutory support for his position. The Court, instead, looks to § 726(b) as the controlling Code provision, which provides:

> Payment on claims of a kind specified in paragraph (1), (2), (3), (4), (5), (6), (7), or (8) of section 507(a) of this title, or in paragraph (2), (3), (4), or (5) of subsection (a) of this section, shall be made pro rata among claims of the kind specified in each such particular paragraph, except that in a case that has been converted to this chapter under section 1112, 1208, or 1307 of this title, a claim allowed under section 503(b) of this title incurred under this chapter after such conversion has priority over a claim allowed under section 503(b) of this title incurred under any other chapter of this title or under this chapter before such conversion and over any expenses of a custodian superseded under section 543 of this title.

retained by one party, of the opportunity of rendering services to another and receiving pay from him. The payment is not made or received in contemplation of services to be rendered. The second type of retainer discussed in Heritage is a "security interest" retainer which is defined as an agreement between debtors and their attorneys providing for the retainer to be held by the attorneys to secure payment of fees for future services that the attorneys are expected to render but not considered a present payment for future services. Id. at 140. "A prepetition security retainer is a traditional, valid and proper means for an attorney for a Chapter 11 debtor to secure some assurance of future payment for valuable services rendered during the course of a bankruptcy case." Bressman at 140 (citing In re Pannebaker Custom Cabinet, 198 B.R. 453 (Bankr. M.D. Pa. 1996)). Finally, the third type of retainer is an "advance payment retainer" which is defined as an "earned on receipt retainer." The "earned on receipt retainer" is a situation where the debtor pays, in advance, for some of the services that the attorney is expected to perform on the debtor's behalf. This type of retainer differs from the security retainer in that ownership is intended to pass to the attorney at the time of payment, in exchange for the commitment to provide the legal services. Heritage at 131 (citing In Re McDonald Bros. Construction, Inc., 114 B.R. 989, 1000 (Bankr. N.D. Ill. 1990)).

In this case, neither party has set forth any argument as to which type of retainer is at issue. Thus, the Court finds that the retainer in this case is a "security interest" retainer; the traditional type of retainer tendered in Chapter 11 matters. The funds were paid to counsel for the Debtors, Mr. Abelson, to secure future services that the Debtors expected Mr. Abelson to render as part of his representation of their interest in the Chapter 11 case. Mr. Abelson's receipt and retention of the security interest retainer created a possessory interest in those funds, thereby making him a secured creditor. As discussed in In re Cebek, 339 B.R. 730, 739 (9th Cir. BAP

2006), there is ample law to support this contention.  The Court in Cebek cites Collier on Bankruptcy and notes as follows:

> With respect to "secured" retainers, courts generally hold that a professional with such a prepetition retainer is a "secured creditor" and has a security interest in the retainer, noting that the professionals receiving prepetition retainers to insure payment of fees to be earned in the chapter 11 case (or postpetition retainers authorized by the court) become secured creditors by virtue of a possessory interest in case.  The professional's status as a secured creditor by virtue of the retainer does not disqualify the professional from being retained by the estate as required by section 327 of the Code."

3 Collier on Bankruptcy ¶ 328.02[4] citing In Re K&R Mining, Inc., 105 B.R. 394, 397-98 (Bankr. N.D. Ohio) (attorney possesses a security interest in the retainer to secure payment of its attorney's fees and expenses); In re Burnside Steel Foundary Co., 90 B.R. 942, 944 (Bankr. N.D. Ill. 1988)(attorney "who receives prepetition retainer to insure payment of fees to be earned in the Chapter 11 case…becomes a secured creditor, secured by a possessory security interest in cash").  Thus, while the retainer at issue is clearly property of the estate, Mr. Abelson holds a validly perfected security interest in the funds in his possession having perfected his interest by taking possession of the funds.  This Court, consistent with the analysis undertaken by the court in Cebek, finds such security retainers are not subject to disgorgement under § 726(b).

Section 726(b) provides that Chapter 7 administrative claimants shall have priority over other administrative claimants.  To achieve a pro rata distribution, a court can order those claimants who received payment in the course of a case to disgorge whatever amount is needed to equalize the percentage of payments  among all creditors in a class.  In re Metropolitan Elec. Supply Corp., 185 B.R. 505 (Bankr. E.D. Va. 1995).  Before a court applies § 726(b), property of the debtor must be administered and reduced to cash. To the extent a party has a valid lien on

property that was used to produce the cash for the estate, that lien is paid first from the proceeds of the liquidation of that property. United States v. Fed. Deposit Ins. Corp., 899 F.Supp. 50, 54 (D.R.I.1995). Therefore, absent equity in the collateral, administrative claimants cannot look to encumbered property to provide a source of payment for their claims." Thus, before § 726(b) is even implicated, all amounts secured by the lien created by the security retainer must be paid. Inasmuch as these amounts must be paid before § 726 distributions commence, disgorgement based solely § 726(b) is impermissible.

As discussed in Cebek, most of the courts addressing the issue of whether a security retainer must be disgorged in order to equalize distributions among Chapter 11 administrative claimants have held that the security retainer is protected from disgorgement. For example, in In re Burnside Steel Foundary Co., the court held that a retainer is not subject to the provisions of § 726(b) because "[section] 726 only affects distribution priorities among holders of unsecured claims, and an attorney with a retainer is, to the extent of the retainer, the holder of a secured claim." Burnside, 90 B.R. at 944. Similarly, the court in In re Zukoski, 237 B.R. 194, 198 (Bankr.M.D.Fla.1998), held that if a case is converted to Chapter 7 from Chapter 11, a security interest in a retainer allows a Chapter 11 professional to "avoid the subordination provisions of §726(b) to the extent that services were provided and approved by the bankruptcy court." The court explained: The rationale for this result is simple. A prepetition retainer taken by a debtor's lawyer generally is intended to secure future payment of fees awarded by the court. The debtor's attorney becomes a secured creditor by taking possession of the prepetition retainer. § 726(b), however, only affects the distribution priorities between unsecured claims because § 507 only establishes priorities between unsecured creditors. As such, §726(b) has no application because the attorney holds a secured claim in the prepetition retainer to the extent the fees are allowed by

the court. Id. at 198.  Other courts have held that a professional holding a security retainer "shall not be required to share [it] with other administrative claimants." In re Printcrafters, Inc., 233 B.R. 113, 120 (D.Colo.1999); In re North Bay Tractor, Inc., 191 B.R. 186, 188 (Bankr.N.D.Cal.1996) (rejecting the argument "that since retainer is property of the estate, attorney must disgorge [it] so that other claimants of equal priority receive equal dividends" because "such a rule would undermine the purpose of retainers and chill the willingness of many professionals to undertake representation of Chapter 11 debtors").

For the foregoing reasons, this Court holds that Mr. Abelson holds a valid security retainer which is not subject to disgorgement under § 726.  Since no party in interest has challenged the necessity or reasonableness of the legal services rendered by Mr. Abelson, the Court will grant the Application.  An appropriate Order will be entered by the Court.

_____
Honorable Michael B. Kaplan
United States Bankruptcy Judge